IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
NOV 0 9 2000

CRAIG A. WEST,
    Petitioner

vs.

CIVIL ACTION NO. 1:00-1231
(Judge Caldwell)
(Magistrate Judge Durkin)

EDWARD T. BRENNAN, et al.,
    Respondents

## CERTIFICATE OF SERVICE

This is to certify that a copy of the Respondents' Answer to Petition for Writ of Habeas Corpus in the above-captioned matter was sent, on the below stated dated, to the Petitioner, Craig A. West, BM-5927, at the State Correctional Institution at Albion, 10745, Route 18, Albion, Pennsylvania 16475-0002.

Francis T. Chardo
Chief Deputy District Attorney
Dauphin County Court House
Front and Market Streets
Harrisburg, Pennsylvania 17101
(717) 255-2770
Attorney for Respondents

Dated: November 7, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG A. WEST,<br>  Petitioner | : |
| vs. | : CIVIL ACTION NO. 1:00-1231<br>: (Judge Caldwell)<br>: (Magistrate Judge Durkin) |
| EDWARD T. BRENNAN, et al.,<br>  Respondents | : |

### RESPONDENTS' ANSWER TO PETITION
### FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE RAYMOND J. DURKIN, UNITED STATED MAGISTRATE JUDGE:

  AND NOW, comes Edward M. Marsico, Jr., District Attorney of Dauphin County, by Francis T. Chardo, Chief Deputy District Attorney, who, on behalf of the Respondents, files this answer to the petition for writ of habeas corpus, and in support thereof, avers the following:

On December 7, 1990, a jury empanelled before the Dauphin County Court of Common Pleas convicted the Petitioner of rape and involuntary deviate sexual intercourse. On April 22, 1991, the Honorable Warren G. Morgan sentenced the Petitioner to an aggregate term of not less than ten nor more than twenty years in a state correctional institution.[1] West filed a direct appeal to the Superior Court of Pennsylvania. (See Appellant's Brief at Appendix "A"). On May 14, 1991, the Superior Court affirmed the judgment of sentence. (See Superior Court Opinion at Appendix "B"). The Pennsylvania Supreme Court denied a petition for allowance of appeal on April 13, 1992.

On May 20, 1998, West filed a pro se petition under the Post Conviction Relief Act (PCRA). After the appointment of counsel, West filed a counseled supplemental petition. The Dauphin County Court of Common Pleas dismissed the petition because it was untimely under 42 Pa.C.S. §9545(b). West filed an appeal from the denial of PCRA relief to the Pennsylvania Superior Court. (See Appellant's Brief at Appendix "C"). On July 28, 1999, the Superior Court affirmed the denial of PCRA relief on the basis that the petition was untimely. (See Superior Court Opinion at Appendix "D"). On December 22, 1999, the Supreme Court of Pennsylvania denied a petition for allowance of appeal from the Superior

---

[1] The transcripts of the jury trial of December 3 through 7, 1990, and the sentencing hearing of April 22, 1991, are available and will be provided to the court upon request.

Court decision. Between April 13, 1992, and May 20, 1998, and since December 23, 1999, West has had no pending actions under the Post Conviction Relief Act.

The instant petition for writ of habeas corpus must be dismissed as it is time barred.[2] Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 revised 28 U.S.C. §2244 to include a one-year statute of limitations on petitions for writ of habeas corpus.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The Respondents have not yet answered the Petitioner's substantive claims in light of the statute of limitations. The Respondents will answer the substantive claims in the event that this Honorable Court declines the request to dismiss. The Respondents reserve the right to invoke the deferential review standard of 28 U.S.C. §2254(d).

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d). For petitioners whose state court proceedings concluded before the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, the statute of limitations began to run on April 24, 1996. Burns v. Morton, 134 F.3d 109 (3d Cir. 1998). Therefore, absent tolling under Section 2244(d)(2), the deadline for filing the instant petition for writ of habeas corpus was April 23, 1997.

Between April 24, 1996, and April 23, 1997, there was no pending State post-conviction application. Since West filed the instant petition on July 10, 2000, long after the passing of the deadline, it is time barred.

Additionally, the Petitioner has procedurally defaulted any federal claims.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate the failure to consider the claims will result in a fundamental miscarriage of justice.