

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

November 16, 2000

MIKE FISHER
ATTORNEY GENERAL

REPLY TO:
Litigation Section
15th Fl., Strawberry Square
Harrisburg, PA 17120
DIRECT: (717) 787-3874
FAX: (717) 772-4526

Edward M. Marsico, Jr., District Attorney
DAUPHIN COUNTY COURTHOUSE
Front & Market Streets
Harrisburg, PA 17101

**FILED
HARRISBURG**

NOV 2 7 2000

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

RE:  *West, Craig v. Brennan, et al.*
     No. 1:00-1231

Dear Mr. Marsico:

    I have received a copy of the Order and Petition for Habeas Corpus in the above-captioned matter. It appears to me that the matters raised in the Petition relate to the criminal prosecution of the petitioner in your court of common pleas. As you are aware, Rule 5, 28 U.S.C. Foll §2254 requires that copies of relevant portions of the transcript be appended to the answer and that the issue of exhaustion of state remedies be addressed.

    Because of your access to, and familiarity with, the records in the case, your office is the best source for personal knowledge of the prosecution and because the issues raised are likely to be matters that you have already addressed in direct appeals, we routinely refer such petitions to the district attorney and ask them to respond. Of course, most habeas petitions are disposed of on the petition and response without a hearing.

    A significant number are dismissed for failure to exhaust available state remedies as to all or some of the claims presented. As recently amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §2254(b)(2) permits the Court to deny a petition on its merits notwithstanding the failure of the petitioner to exhaust remedies available in the state courts. Moreover, respondents cannot waive a petitioner's failure to exhaust except by express declaration. Exhaustion requires the petitioner to have "fairly presented" the issue to the state courts before proceeding to federal court. Picard v. Connor, 404 U.S. 270, 275-76 (1971). Further, when a petition is mixed, presenting both issues for which state review has been exhausted and one or more issues which are not and the Court does not dismiss on a merits

Edward M. Marsico, Jr., District Attorney
November 15, 2000
Page -2-

analysis, it must be dismissed unless the petitioner abandons the unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). It is petitioner's burden to establish both all facts entitling him to discharge as well as demonstrating that he has met all procedural requisites entitling him to relief. Gronce v. Redman, 780 F.2d 333, 336 (3d Cir. 1985) (burden on habeas petitioner to establish exhaustion).

Unless I hear otherwise, I will assume that you will prepare an answer conforming with the rules for 28 U.S.C. §2254 petitions and that no supplemental response by this Office is necessary. By a copy of this letter to the clerk, I am informing the Court that we anticipate that you will be responding to all issues raised. I would appreciate receiving a copy of your response (please do not send copies of any exhibits to us).

If I can be of assistance or if you believe I am in error, please contact me. Thank you for your help.

Sincerely,

*Francis R. Filipi*

FRANCIS R. FILIPI
Senior Deputy Attorney General

FRF/cmt
C:   Clerk
     Petitioner